JOHN D. BOWERS
Wyoming Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
john@1000.legal

*Counsel for The Town of Guernsey, Nick Paustian in his official and individual capacity, Kate Farmer in her official and individual capacity, and Kelly Augustine in his official and individual capacity*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MISTY CLEVENGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 20-CV-62-F |
| vs. | ) | |
| | ) | |
| TOWN OF GUERNSEY, WYOMING, a | ) | |
| Wyoming municipal corporation; NICK | ) | |
| PAUSTIAN, as an individual and in his | ) | |
| Official capacity as the mayor of the Town | ) | |
| Of Guernsey; KATE FARMER, as an | ) | |
| individual and in her official capacity as the | ) | |
| clerk and treasurer for the Town of | ) | |
| Guernsey; KELLY AUGUSTINE, as an | ) | |
| individual and in his official capacity as | ) | |
| Councilman | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS THE TOWN OF GUERNSEY, WYOMING, NICK PAUSTIAN, KATE FARMER, AND KELLY AUGUSTINE IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES
## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COME NOW the above captioned Defendants, Town of Guernsey, Wyoming,

Nick Paustian, in his official and individual capacity as the mayor of the Town of Guernsey, Kate Farmer in her official and individual capacity as the clerk and treasurer for the Town of Guernsey, and Kelly Augustine in his official and individual capacity as councilman of the Town of Guernsey, by and through John D. Bowers of Bowers Law Firm PC hereby set forth their answer and affirmative defenses by respectfully informing the Court as follows:

## I. ANSWER

1.    In response to paragraph1 of the Plaintiff's Complaint, the allegations contained in paragraph one of the Plaintiff's Complaint are purportedly conclusions of law that do not require the Defendants to either admit or deny the same, but to the extent the paragraph's attempt to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

2.    In response to paragraph 2 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 2 of the Plaintiff's Complaint. They admit that Ms. Clevenger is a resident of Guernsey, Platte County, Wyoming. They admit that Ms. Clevenger was an employee of the Town of Guernsey, employed as a police officer. However, are without sufficient knowledge, information, or belief as to the remaining allegations contained therein and therefore, deny each and every allegation within the paragraph.

3.    In response to paragraph 3 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 3 of the Plaintiff's Complaint. They admit that the Plaintiff was previously employed by the Town of Guernsey. However, they deny each and every other allegation within paragraph 3 of the Plaintiff's Complaint.

4.    In response to paragraph 4 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 4 of the Plaintiff's Complaint. They admit that Nick Paustian was the mayor of Guernsey. However, deny each and every

other allegation contained within paragraph 4 of the Plaintiff's Complaint.

5.      In response to paragraph 5 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 5 of the Plaintiff's Complaint. They admit that Kelly Augustine was a town councilman for the Town of Guernsey. However, deny each and every other allegation contained within paragraph 5 of the Plaintiff's Complaint.

6.      In response to paragraph 6 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 6 of the Plaintiff's Complaint. They admit that Kate Farmer was employed by the Town of Guernsey. However, deny each and every other allegation contained within paragraph 6 of the Plaintiff's Complaint.

7.      In response to paragraph 7 of the Plaintiff's Complaint the Defendants admit in part and deny in part paragraph 7 of the Plaintiff's Complaint. They admit that this Court has jurisdiction and venue over this matter. However, deny each and every other allegation contained within paragraph 7 of the Plaintiff's Complaint.

8.      In response to paragraph 8 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 8 of the Plaintiff's Complaint, and as such, deny paragraph 8 of the Plaintiff's Complaint.

9.      In response to paragraph 9 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 9 of the Plaintiff's Complaint, and as such, deny paragraph 9 of the Plaintiff's Complaint.

10.      In response to paragraph 10 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 10 of the Plaintiff's Complaint, and as such, deny paragraph 10 of the Plaintiff's Complaint.

11.     In response to paragraph 11 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 11 of the Plaintiff's Complaint, and as such, deny paragraph 11 of the Plaintiff's Complaint.

12.     In response to paragraph 12 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 12 of the Plaintiff's Complaint, and as such, deny paragraph 12 of the Plaintiff's Complaint.

13.     In response to paragraph 13 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 13 of the Plaintiff's Complaint, and as such, deny paragraph 13 of the Plaintiff's Complaint.

14.     In response to paragraph 14 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 14 of the Plaintiff's Complaint, and as such, deny paragraph 14 of the Plaintiff's Complaint.

15.     In response to paragraph 15 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 15 of the Plaintiff's Complaint, and as such, deny paragraph 15 of the Plaintiff's Complaint.

16.     In response to paragraph 16 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 16 of the Plaintiff's Complaint, and as such, deny paragraph 16 of the Plaintiff's Complaint.

17.     In response to paragraph 17 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 17 of the Plaintiff's Complaint, and as such, deny paragraph 17 of the Plaintiff's Complaint.

18.     In response to paragraph 18 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 18 of the Plaintiff's Complaint, and as such, deny paragraph 18 of the Plaintiff's Complaint.

19.     In response to paragraph 19 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 19 of the Plaintiff's Complaint, and as such, deny paragraph 19 of the Plaintiff's Complaint.

20.     In response to paragraph 20 of the Plaintiff's Complaint, the allegations contained in paragraph 20 of the Plaintiff's Complaint are purportedly conclusions of law that do not require the Defendants to either admit or deny the same, but to the extent the paragraph's attempt to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

21.     In response to paragraph 21 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

22.     In response to paragraph 22 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 22 of the Plaintiff's Complaint. They admit those constitutional rights as set forth by the United States Constitution, however, deny each and every other allegation contained within paragraph 22 of the Plaintiff's Complaint.

23.     In response to paragraph 23 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 23 of the Plaintiff's Complaint. They admit those constitutional rights as set forth by the United States Constitution, and deny each and every other allegation contained within paragraph 23 of the Plaintiff's Complaint.

24.     In response to paragraph 24 of the Plaintiff's Complaint, the Defendants deny paragraph 24 of the Plaintiff's Complaint.

25.     In response to paragraph 25 of the Plaintiff's Complaint, the Defendants deny paragraph 25 of the Plaintiff's Complaint.

26.     In response to paragraph 26 of the Plaintiff's Complaint, the Defendants deny paragraph 26 of the Plaintiff's Complaint.

27.     In response to paragraph 27 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 27 of the Plaintiff's Complaint. They admit the applicable law and case law of the United States of America, however, deny each and every other allegation contained within paragraph 27 of the Plaintiff's Complaint.

28.     In response to paragraph 28 of the Plaintiff's Complaint, the Defendants deny paragraph 28 of the Plaintiff's Complaint.

29.     In response to paragraph 29 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 29 of the Plaintiff's Complaint. They admit the law and case law of the United States of America, and deny each and every other allegation contained within paragraph 29 of the Plaintiff's Complaint.

30.     In response to paragraph 30 of the Plaintiff's Complaint, the Defendants deny paragraph 30 of the Plaintiff's Complaint.

31.     In response to paragraph 31 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

32.     In response to paragraph 32 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 32 of the Plaintiff's Complaint. They admit only those property interests recognized by the United States of America and the State of Wyoming and deny each and every other allegation contained within paragraph 32 of the Plaintiff's Complaint.

33.     In response to paragraph 33 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 33 of the Plaintiff's Complaint, and as such, deny paragraph 33 of the Plaintiff's Complaint.

34.     In response to paragraph 34 of the Plaintiff's Complaint, the Defendants deny paragraph 34 of the Plaintiff's Complaint.

35.     In response to paragraph 35 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 35 of the Plaintiff's Complaint. They admit only the language contained within the guidelines which were in force and effect at applicable times and deny each and every other allegation contained within paragraph 35 of the Plaintiff's Complaint.

36.     In response to paragraph 36 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 36 of the Plaintiff's Complaint. They admit only the applicable federal and state law in effect at relevant times and deny each and every other allegation contained within paragraph 36 of the Plaintiff's Complaint.

37.     In response to paragraph 37 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 37 of the Plaintiff's Complaint. They admit only the laws of the United States of America and the State of Wyoming in effect and relevant to the allegations and deny each and every other allegation contained within paragraph 37 of the Plaintiff's Complaint.

38.     In response to paragraph 38 of the Plaintiff's Complaint, the Defendants deny paragraph 38 of the Plaintiff's Complaint.

39.     In response to paragraph 39 of the Plaintiff's Complaint, the Defendants deny paragraph 39 of the Plaintiff's Complaint.

40.     In response to paragraph 40 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

41.     In response to paragraph 41 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 41 of the Plaintiff's Complaint, and as such, deny paragraph 41 of the Plaintiff's Complaint.

42.     In response to paragraph 42 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 42 of the Plaintiff's Complaint. They admit the laws of the State of Wyoming in force and applicable to the allegations in this case and deny each and every other allegation contained within paragraph 42 of the Plaintiff's Complaint.

43.     In response to paragraph 43 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 43 of the Plaintiff's Complaint, and as such, deny paragraph 43 of the Plaintiff's Complaint.

44.     In response to paragraph 44 of the Plaintiff's Complaint, the Defendants deny paragraph 44 of the Plaintiff's Complaint.

45.     In response to paragraph 45 of the Plaintiff's Complaint, the Defendants deny paragraph 45 of the Plaintiff's Complaint.

46.     In response to paragraph 46 of the Plaintiff's Complaint, the Defendants deny paragraph 46 of the Plaintiff's Complaint.

47.     In response to paragraph 47 of the Plaintiff's Complaint, the Defendants deny paragraph 47 of the Plaintiff's Complaint.

48.     In response to paragraph 48 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

49.     In response to paragraph 49 of the Plaintiff's Complaint, the Defendants deny paragraph 49 of the Plaintiff's Complaint.

50.     In response to paragraph 50 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 50 of the Plaintiff's

Complaint. They admit only the laws of the United States of America which were in effect and relevant to the allegations contained within the Plaintiff's Complaint and deny each and every other allegation contained within paragraph 50 of the Plaintiff's Complaint.

51.     In response to paragraph 51 of the Plaintiff's Complaint, the Defendants deny paragraph 51 of the Plaintiff's Complaint.

52.     In response to paragraph 52 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

53.     In response to paragraph 53 of the Plaintiff's Complaint, the Defendants deny paragraph 53 of the Plaintiff's Complaint.

54.     In response to paragraph 54 of the Plaintiff's Complaint, the Defendants admit in part and deny in part paragraph 54 of the Plaintiff's Complaint. They admit the laws of the State of Wyoming which were in force and relevant to the Plaintiff's allegations and deny each and every other allegation contained within paragraph 54 of the Plaintiff's Complaint.

55.     In response to paragraph 55 of the Plaintiff's Complaint, the Defendants deny paragraph 55 of the Plaintiff's Complaint.

56.     In response to paragraph 56 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

57.     In response to paragraph 57 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 57 of the Plaintiff's Complaint, and as such, deny paragraph 57 of the Plaintiff's Complaint.

58.     In response to paragraph 58 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 58 of the Plaintiff's Complaint, and as such, deny paragraph 58 of the

Plaintiff's Complaint.

59.     In response to paragraph 59 of the Plaintiff's Complaint, the Defendants deny paragraph 59 of the Plaintiff's Complaint.

60.     In response to paragraph 60 of the Plaintiff's Complaint, the Defendants restate their previous answers as if fully set forth herein by reference and incorporation.

61.     In response to paragraph 61 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 61 of the Plaintiff's Complaint, and as such, deny paragraph 61 of the Plaintiff's Complaint.

62.     In response to paragraph 62 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 62 of the Plaintiff's Complaint, and as such, deny paragraph 62 of the Plaintiff's Complaint.

63.     In response to paragraph 63 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 63 of the Plaintiff's Complaint, and as such, deny paragraph 63 of the Plaintiff's Complaint.

64.     In response to paragraph 64 of the Plaintiff's Complaint the Defendants are without sufficient knowledge, information, or belief to admit or deny paragraph 64 of the Plaintiff's Complaint, and as such, deny paragraph 64 of the Plaintiff's Complaint.

65.     In response to paragraph 65 of the Plaintiff's Complaint, the Defendants deny paragraph 65 of the Plaintiff's Complaint.

66.     In response to paragraph 66 of the Plaintiff's Complaint, the Defendants deny paragraph 66 of the Plaintiff's Complaint.

67.     In response to paragraph 67 of the Plaintiff's Complaint, the Defendants deny paragraph 67 of the Plaintiff's Complaint.

68.     In response to paragraph 68 of the Plaintiff's Complaint, the Defendants deny paragraph 68 of the Plaintiff's Complaint.

69.     In response to paragraph 69 of the Plaintiff's Complaint, the Defendants deny paragraph 69 of the Plaintiff's Complaint.

70.     The Defendants specifically deny any and all allegations contained within the Plaintiff's Complaint unless specifically admitted herein.

## II. AFFIRMATIVE DEFENSES

71.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the pleading fails to state a claim upon which relief can be granted.

72.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

73.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

74.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to sovereign immunity as a matter of fact and law from the claims and causes of action asserted therein.

75.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff has failed to mitigate any damages she may have incurred or suffered as the result of any action or conduct of the Defendants.

76.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that, to the extent any of the claims asserted are state law claims, the Plaintiff has failed to comply with the Wyoming Governmental Clams act, Wyo. Stat. §§ 1-39-101, *et seq.* (WGCA), to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a

condition precedent to the filing of this action and failure to properly plead compliance with the WGCA and the Wyoming Constitution.

77.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that, to the extent any of the claims asserted are state law claims, the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

78.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of actions asserted therein.

79.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

80.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff failed to notify the Defendants of any alleged statutory violations when they occurred which prevented the Defendants from taking any remedial action and thereby is barred from asserting any of her claims or causes of action.

81.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that every action undertaken by the Defendants was taken in good faith, and based upon good cause, legitimate reasons, and was consistent with and authorized by law, necessity, and privileged.

82.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of just cause.

83.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of consent and/or acquiescence.

84.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of release.

85.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the doctrine of truth of statements made.

86.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by the breach of duty and/or breach of contract.

87.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that one or more of the Plaintiff's causes of action are barred by being contrary to public policy.

88.     As a further and separate defense to the Plaintiff's Complaint, all or part of the Plaintiff's claims are prohibited by the doctrine of mootness.

89.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the relief requested is inappropriate, improper, and contrary to law.

90.     As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff's claims for punitive damages are not recognized or appropriate under existing law.

91.     Defendants respectfully reserve the right to serve further or additional affirmative defenses to the Plaintiff's claims as further investigation and discovery warrant.

## III. DEMAND FOR JURY TRIAL

The Defendants hereby request that the above-entitled matter by tried to a six person jury.

WHEREFORE, the Defendants respectfully request that the Plaintiff's Complaint and claims for relief stated therein be dismissed with prejudice, that the Defendants be allowed their costs, and for such other further relief as the Court deems proper in the premises.

RESPECTFULLY SUBMITTED this 28th day of April, 2020.

/s/ *John D. Bowers*
JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Counsel for Defendants
The Town of Guernsey, Wyoming;
Nick Paustian in his official and individual capacity; Kate Farmer in her official and individual capacity; Kelly Augustine in his official and individual capacity

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer, Affirmative Defenses and Jury Demand was served on April 28, 2020 as follows:

| | |
|---|---|
| Bruce S. Asay | [_____] US Mail |
| Gregory B. Asay | [_____] Fed Ex |
| 1812 Pebrican Avenue | [_____] Facsimile |
| Cheyenne, WY 82001 | [_____] Hand Delivery |
| Telephone: 307-632-2888 | [_____] E-mail |
| Facsimile: 307-632-2828 | [     X     ] E-filed |
| basay@associatedlegal.com | |
| greg@associatedlegal.com | |


   /s/   *John D. Bowers*

JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Counsel for Defendants
The Town of Guernsey, Wyoming;
Nick Paustian in his official and individual
capacity; Kate Farmer in her official and
individual capacity; Kelly Augustine in
his official and individual capacity