

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**FILED**

*9:39 am, 6/4/21*

**U.S. Magistrate Judge**

TERRI VAN DAM,

Plaintiff,

MISTY CLEVENGER.

Plaintiff,

KATHY MONTGOMERY,

Plaintiff,

vs.

TOWN OF GUERNSEY, a Wyoming
municipal corporation, NICK
PAUSTIAN, as an individual and in his
official capacity as mayor of the Town of
Guernsey, KATE FARMER, as an
individual and in her official capacity as
the clerk and treasurer for the Town of
Guernsey, KELLY AUGUSTINE, as an
individual and in his official capacity as
councilman,

Defendants.

Case No. 20-CV-60-SWS

Case No.  20-CV-62-NDF

Case No. 20-CV-61-ABJ

**ORDER ON PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT OR
OTHER POSSIBLE SANCTIONS**

This Matter is before the Court on Plaintiffs' *Motions for Default Judgment or Other Possible Sanctions* (Case 2:20-cv-60-SWS, ECF No. 39) (Case 2:20-cv-62-NDF, ECF No. 31) (Case 2:20-cv-61-ABJ, ECF No. 41). Plaintiffs allege Defendants made false statements under oath, made false statements in responses to discovery requests, provided misleading evidence, failed to disclose, and destroyed material evidence. After considering the Motions, Responses, and Replies, the Court finds as follows.

## BACKGROUND

The three cases addressed in this Order arise from Defendants' consecutive termination of three employees. Defendants fired Terri Van Dam, the chief of police of the Town of Guernsey, on January 15, 2020; Misty Clevenger, a patrol sergeant, on February 4, 2020; and Kathy Montgomery, an assistant town clerk, on February 7, 2020.

All three Plaintiffs have filed Motions for Default Judgment or Other Possible Sanctions. Plaintiffs allege Defendants, through town clerk Kate Farmer, deleted the email accounts of Montgomery, Clevenger, and Van Dam, despite knowing they were relevant to the litigation and in violation of Wyoming law. They further allege Farmer failed to keep recorded minutes of executive sessions in violation of Wyoming law, after initially representing the minutes existed.

Starting with the executive session minutes, Plaintiffs allege that as of October 1, 2020, as indicated in a response for requests for production, Defendants provided signed verification they were in possession of minutes for the executive sessions taking place on July 16, 2019, and February 4, 2020, stating:

> Minutes from executive sessions are taken and promptly sealed in an envelope and stored in a safe. Pursuant to W.S. §16-4-405(b), these executive sessions minutes are confidential and

2

> only produced in response to a valid court order. Minutes were
> taken for executive sessions on July 2, 2019, July 16, 2019,
> September 3, 2019, October 15, 2019, January 14, 2020, February
> 4, 2020, and March 17, 2020. Those minutes are confidential until
> subject to a valid court order for production.

However, upon Court order, the Defendants only produced about half of the minutes. Plaintiffs argue Farmer either intentionally destroyed the minutes or intentionally failed to record the minutes.

In response, Defendants explain Farmer initially assumed she had taken minutes, but when she went to retrieve them, they did not exist. Farmer also explained her insurance representative advised her she did not need to take minutes and that she was advised she only needed to take minutes where an official vote occurred. Farmer later clarified she recorded all sessions but deleted the recordings after she wrote out her minutes.  Farmer explained that minutes had not been taken because of the nature of some of the meetings. She believed that unless the city council went out into regular session and made a decision, the minutes did not need to be taken. She explains this mistaken opinion was based on how she was trained. Farmer also explained her minutes were not detailed but rather addressed the global discussions. Defendants assert they understand the minutes may have had interest to Plaintiffs and apologize for not making minutes. At the same time, they argue there is no prejudice to Plaintiffs because the mayor and councilmen have been deposed and questioned about the executive sessions.

Next, Plaintiffs allege Defendants improperly deleted the email accounts of all three Plaintiffs. Plaintiffs allege Defendants first reviewed the emails for information they thought would be helpful to them by conducting key word searches and then deleted the rest. They also argue Defendants could have copied the emails prior to deleting them. Finally, Plaintiffs assert

Defendants were required under Wyoming law to keep the employee emails so intent should be implied.

In response, Defendants explain Farmer discontinued the three usernames with Godaddy because they pay per account and other employees needed emails. Defendants also note that none of the Plaintiffs filed a notice of governmental claims with the Town of Guernsey, so they were not on notice to save the emails. Even so, Defendants produced Van Dam's emails because they were saved off the computer when she made a litigation threat. Defendants also assert Montgomery's emails have been produced after the town found copies of her emails on an assistant clerk's computer. Additionally, Defendants argue the only emails of Clevenger's not produced are her "sent" emails and that information can be replaced through alternative forms of discovery.

### BACKGROUND LAW

Federal courts have the inherent authority to regulate the conduct of parties who appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Rule 37 of the Federal Rules of Civil Procedure governs sanctions and vests broad discretion with the trial court. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Courts may sanction a party who fails to take reasonable steps to preserve relevant ESI in the anticipation or conduct of litigation if the ESI cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e).

There are two categories of sanctions available under Rule 37(e). First, if the court finds the opposing party is prejudiced by the loss of information, the court may order measures no greater than necessary to cure the prejudice. *Id.* at (1). Second, and only upon a finding the offending party acted with the intent to deprive the opposing party of the information's use in

litigation, the court may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment. *Id.* at (2).

**DISCUSSION**

**I.    Executive Minutes**

Prior to finding which sanctions are appropriate here, the Court must first determine whether Defendants had a duty to preserve the relevant ESI, and, if so, whether the lost ESI can be restored or replaced with additional discovery. Fed. R. Civ. P. 37(e). Defendants do not dispute they had a statutory obligation to record executive session minutes, so the Court will start with the second inquiry. *See* Wyo. Stat. § 16-4-405.

*Restoration or Replacement through Additional Discovery*

Defendants agree the minutes would be beneficial to both sides but argue Plaintiffs have not been prejudiced because they can obtain the information the minutes would have revealed through other discovery. For example, Plaintiffs deposed those who attended the sessions, including the mayor, city councilmen, and the town clerk. Defendants also point out Plaintiffs attended some of the sessions and can testify about what occurred. Further, Defendants argue the deposition testimony provides more information than what the minutes would have provided.

While depositions help to replace some of the missing information, the Court finds they are not a complete replacement for the executive session minutes. For example, two councilmen had difficulty remembering what occurred at the sessions during their depositions. Additionally, the Court and the Plaintiffs cannot know what they do not know. No one can say for certain what the minutes would have revealed. Thus, the executive minutes cannot be

5

restored or replaced through additional discovery. Finding the preliminary elements of Rule 37(e) are met, the next inquiry is whether Plaintiffs suffered prejudice by Defendants' failure to preserve the executive minutes.

***Prejudice***

Sanctions under Rule 37(e)(1) require Plaintiffs suffer prejudice by the missing ESI. Prejudice is evaluated based on the information's importance and relevance in litigation. Fed. R. Civ. P. 37 (advisory committee notes to the 2015 amendment). The burden of proving prejudice is not always on the affected party. *Id*. Prejudice may also be difficult to show when it is impossible to know what information has been destroyed. *Id*.

Here, Van Dam argues the July 16, 2019, session would show Plaintiff and the Town Council discussed the pay rate for Clevenger. Van Dam states this discussion would show the Town Council approved of the budget increase that would refute Defendants assertion Van Dam was terminated for being over-budget. She also asserts the January 21, 2020, session would be relevant to Van Dam because Karina Lewis was discussed, and Defendants have alleged Van Dam was terminated because she provided information to Lewis.

Next, Clevenger asserts the town council discussed the possibility of paying her at the rate of her current employer during the July 16, 2019, executive session. Additionally, during his deposition, the Mayor stated the town council discussed firing Clevenger during the February 4, 2020, session. This would be relevant to her claim that her termination is void for failure to follow proper procedure. Finally, Clevenger asserts the executive session on January 21, 2020, was relevant because it involved discussion over her relationship with Lewis.

Montgomery does not allege prejudice from the missing executive minute sessions so this finding will not be relevant to her case.

The session minutes could have contained relevant information for Van Dam and Clevenger. Even if Plaintiffs have been able to recover some of the information via their own recollections and various depositions, Plaintiffs are prejudiced because the minutes were the primary source of what occurred at the relevant sessions and it is impossible to know what information is missing. Finding prejudice, sanctions may be appropriate under Rule 37(e)(1). The Court will first consider Plaintiffs' sanction requests under Rule 37(e)(2).

### *Intent to Deprive*

Plaintiffs request the Court enter default judgment against Defendants as a sanction for Defendants' failure to preserve the executive minutes. The Court is authorized to use these severe measures only upon a finding that the Defendants' acted with intent to deprive Plaintiffs of the information's use in litigation. Fed. R. Civ. P. 37(e)(2). Negligent or even grossly negligent conduct is insufficient to support a finding of intent. Fed. R. Civ. P. 37 (advisory committee notes to the 2015 amendment). The Court will not order measures greater than necessary to cure the prejudicial effect. *Id.*

Intent is difficult to ascertain based on the direct evidence before the Court. Plaintiffs argue the Court can imply intent because Defendants had a statutory obligation to record the minutes. Further, Plaintiffs argue the minutes were potentially destroyed because Farmer originally represented the minutes existed but later was not able to produce them. Certainly, the Defendants' breach of a statutory obligation is significant. However, Farmer's limited legal knowledge, instruction from superiors, and other circumstantial evidence supports a finding the failure to record or any deletion may have been merely negligent. Farmer testified under oath she did not intentionally delete the minutes. Additionally, it is not clear that, even if Farmer intentionally deleted or failed to record minutes, she did so with the intent to deprive

Defendants of the information in litigation. Intent is difficult to find when the missing minutes could have contained information that would have been helpful to not only the Plaintiffs, but also the Defendants.

***Remedy***

Absent a clear finding Defendants intended to deprive the Plaintiffs of the minutes for litigation, the Court finds a sanction of default judgment is inappropriate. The remedy here should right the wrong, and the Court finds lesser measures are "sufficient to redress the loss." *Id.* Instead, the appropriate sanction is that the parties may present evidence to the jury concerning the loss and relevance of the executive session minutes.

However, if the trial court finds it necessary, the finding of intent should ultimately be left to the jury. The Court recommends the trial court consider instructing the jury that Defendants failed to record the minutes, and "the jury may infer from the loss of the information that it was unfavorable to the party that lost it only if the jury first finds that the party acted with the intent to deprive another party of the information's use in the litigation. If the jury does not make this finding, it may not infer from the loss that the information was unfavorable to the party that lost it."[1] Fed. R. Civ. P. 37(e)(2)(B) (advisory committee notes to the 2015 amendment). However, the trial court for each case will make the ultimate decision of whether an additional sanction is appropriate, and, if so, what the sanction should be.

---

[1] The advisory committee explains that "[a]dverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have. The better rule for the negligent or grossly negligent loss of electronically stored information is to preserve a broad range of measures to cure prejudice caused by its loss, but to limit the most severe measures to instances of intentional loss or destruction." Fed. R. Civ. P. 37(e)(2)(B) (advisory committee notes to the 2015 amendment).

## II.    Emails

Defendants ultimately produced Van Dam's and Montgomery's emails.[2] Defendants have also stipulated to further depositions and discovery extensions in Montgomery's case to remedy the delayed production. (ECF No. 42, at 12-13). Thus, Defendants have cured any prejudice to Van Dam and Montgomery.[3]

Clevenger is the only Plaintiff whose emails have not been fully recovered. However, the Court finds the prejudice Clevenger suffered can be restored or replaced through additional discovery. Clevenger argues she has suffered prejudice because her emails would have shown a hard-working, honest police officer, but has not alleged any specific examples of prejudice. Here, Defendants have searched seven other email accounts using search terms provided by Clevenger. Defendants have provided all of Clevenger's relevant emails from those accounts. Defendants have also provided all of Clevenger's emails she had with the governing body or administration of Guernsey. It appears most of Clevenger's missing emails have been restored through this manner.

Additionally, there are other forms of evidence and discovery that can support the assertion that Clevenger was a hard-working, honest police officer. Van Dam was Clevenger's direct supervisor who can testify about the work she was doing as a police officer. Clevenger also has access to Van Dam's emails. Further, Clevenger can personally testify about the emails

---

[2] Concerns about the privilege log associated with Montgomery's emails are not within the scope of the relief requested here.

[3] Van Dam argues Clevenger's emails were relevant to her litigation and she has suffered prejudice by their loss. Plaintiffs also argue Defendants have deleted the emails of named witnesses. However, Plaintiffs have not alleged actual, rather than theoretical prejudice resulting from either of these matters. *See Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136, 1149-50 (10th Cir. 2009) (finding Plaintiff must show they were actually, rather than theoretically, prejudiced by loss of ESI before the Court will impose sanctions).

she sent and her work ethic. Thus, it appears the prejudice can be cured through alternative forms of discovery and the Court will not impose sanctions.

**CONCLUSION**

Courts should exercise caution when applying sanctions through Rule 37. "The remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." Fed. R. Civ. P. 37 (advisory committee notes to the 2015 amendment). Here, the Court finds Plaintiffs have not been so severely prejudiced, or that Defendants acted with the requisite intent, to justify a sanction in the form of default judgment.

IT IS THEREFORE ORDERED Plaintiffs' Motions are Denied in Part.

Dated this 4th day of June, 2021.

Kelly H. Rankin
United States Magistrate Judge